IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-_____

JOSEPH SANCHEZ, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

PATRIOT DRILLING FLUIDS, LLC and Q'MAX AMERICA, INC.,

    Defendants

## COLLECTIVE ACTION COMPLAINT

Plaintiff Joseph Sanchez ("Plaintiff"), on behalf of himself and all similarly situated persons, brings this collective action lawsuit against Defendants Patriot Drilling Fluids, LLC ("Patriot") and Q'Max America, Inc. ("Q'Max") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and asserting the following:

### JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff is an individual residing in West Monroe, Louisiana (Ouachita County).

4. Plaintiff is an employee covered by the FLSA.

5. Patriot is a Colorado corporate entity with its corporate headquarters located in

Greenwood Village, Colorado (Arapahoe County). According to its official website, Patriot is a "division of" Q'Max.

6. Q'Max is a Texas corporate entity registered to do business in Colorado with a corporate office located in Greenwood Village, Colorado (Arapahoe County).

7. Defendants independently and collectively employ individuals who, like Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

8. Defendants are employers covered by the FLSA.

## **FACTS**

9. Defendants are oil and gas industry service companies that provide, *inter alia*, individuals to work at their clients' oil and gas facilities.

10. During the time period relevant to this lawsuit, Defendants have employed individuals as "consultants" who, in-whole or in-part, have performed services at oil and gas rigs located throughout the United States.

11. The individuals described in paragraph 10 hold various job titles such as, for example, "Solid Control Technicians" and "Mud Engineers"[1] and are referred to herein as "Consultants."

12. Consultants work under the common control of both Defendants. In order to establish this control, Defendants require, among other things, that Consultants sign various documents from both Patriot and Q'Max at the outset of their work for Defendants. These

---

[1] In the absence of discovery, Plaintiff is not aware of each of the formal job titles that Defendants have given to every individual performing work as Consultants throughout the United States for Defendants.

documents include, for example: (i) a "Disclosure and Consent to Obtain Employee Information" from Q'Max; (ii) a "Confidentiality, Non-Compete and Non-Solicitation Agreement" from Q'Max; (iii) an "Accident Reporting and Investigation Points" from Patriot; and (iv) a "Drug & Alcohol Policy" from Patriot.

13. In an effort to avoid paying taxes and other employee benefits, Defendants classified Plaintiff and other Consultants as "independent contractors" rather than employees. However, based on the economic realities of the relationship between Defendants and their Consultants, Consultants actually are "employees" for purposes of FLSA. This is because, *inter alia*: (a) Defendants micromanage the manner in which Consultants perform their work, leaving them with little independent discretion or control over their work; (b) Consultants have virtually no opportunity for profit or loss depending upon their managerial skill; (c) Consultants' personal investment in equipment is minimal and they have little discretion in selecting the materials and products to be used for their work; (d) the services rendered by Consultants do not require any special skills beyond those easily obtained through routine on-the-job training; (e) Consultants' positions are permanent in that Defendants' scheduling practices make it unrealistic for them to pursue other business opportunities; and (f) the services rendered by Consultants are an integral part of Defendants' business.

14. Plaintiff worked as a Consultant for Defendants from approximately December 2016 until approximately February 2017.

15. Defendants paid Plaintiff and other Consultants a day-rate. For example, Plaintiff was paid a day-rate of $350.00 by Defendants.

16. Consultants typically work shifts lasting approximately 12 hours.

17. Plaintiff and other Consultants regularly work over 40 hours per week.

3

18. Even though the FLSA entitles day-rate employees to extra overtime premium compensation for hours worked over 40 per week, *see*, *e.g.*, 29 C.F.R. § 778.112, Defendants did not pay Plaintiff and other Consultants any extra overtime premium compensation for their overtime hours.

19. By failing to pay the overtime premium to Plaintiff and other Consultants, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals who worked as Consultants for Defendants within the past three years who, in-whole or in-part, have performed services at oil or gas facilities located in the United States.

21. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I
### (Alleging FLSA Violations)

22. All previous paragraphs are incorporated as though fully set forth herein.

23. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

24. Defendants violated the FLSA by failing to pay Plaintiff and the proposed FLSA collective any overtime premium for hours worked over 40 per week.

4

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the collective, seeks the following relief:

A.      An order permitting this action to proceed as a collective;

B.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C.      Unpaid wages and prejudgment interest to the fullest extent permitted under federal law;

D.      Liquidated damages to the fullest extent permitted under the FLSA;

E.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted; and

F.      Such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of June, 2017.

*s/Brian D. Gonzales*

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
242 Linden Street
Fort Collins, Colorado 80524
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Peter Winebrake
R. Andrew Santillo
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, Pennsylvania 19025
Telephone: (215) 884-2491
PWinebrake@WinebrakeLaw.com
ASantillo@WinebrakeLaw.com

*Counsel for Plaintiff*